## THE RICHARD S. GARRETT.[1]

### McCARTHY *v.* THE RICHARD S. GARRETT.

#### (*District Court, S. D. New York.* December 2, 1890.)

MARITIME LIENS—REPAIRS—RESIDENT OWNER—LICENSE—CREDIT TO VESSEL.
   Where repairs were made in New Jersey on a vessel, one of whose owners resided in New Jersey but the other two in New York, and in the application for license at the custom-house all of her owners were stated to be of New York, and the material-man had no knowledge to the contrary, and dealt on the credit of the vessel, *held*, that a suit *in rem* would lie to recover the price of the repairs.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

In Admiralty. Suit to enforce a lien for supplies.

*Wing, Shoudy & Putnam*, for libelants.

*Peter S. Carter*, for respondent.

BROWN, J. The work on the repairs and the value are admitted as claimed. The claimant alleges that the libelants agreed, in the settling of the former disputed bills, to allow a credit of $100 upon the present bill, which the claimant asked for in consequence of an average charged him by the insurers. The claimant testified to such an agreement, but this testimony is contradicted in all its parts by the libelant, with whom the conversation is stated to have been held. The burden being upon the claimant to establish such a defense, and no writing or other evidence being produced to sustain this claim as opposed to that of the libelant, I am obliged to treat it as not proven.

It is further claimed that a suit *in rem* will not lie, because one of the claimants, an owner of one-third interest, was a resident of New Jersey, where the repairs were made. The tug, however, hailed from New York, her other two owners were residents of New York, and in the application for her license at the custom-house in New York all of her owners were stated to be of New York. The libelant had no knowledge to the contrary, and rightfully supposed she was a New York vessel, dealt with her as such, and made the repairs upon the credit of the vessel. Under such circumstances she must be treated as a New York vessel. *The St. Jago de Cuba*, 9 Wheat. 416, 417; *The Francis*, 21 Fed. Rep. 715, 717; *The Jennie B. Gilkey*, 19 Fed. Rep. 127; *The Ellen Holgate*, 30 Fed. Rep. 125. The New Jersey law, moreover, gives a lien in such cases.

The defense not being established, decree for libelant for $106 and costs.